UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMELLE RUSSELL,<br><br>       Plaintiff,<br> v.<br>HUGHES, *et al.*,<br><br>       Defendants. | Case No. 3:24-cv-00023-MMD-CSD<br><br>ORDER |

**I. SUMMARY**

*Pro se* Plaintiff Jamelle Russell, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), filed a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1-1 ("Complaint")) against prison officials[1] regarding events that occurred while housed at Lovelock Correctional Center ("LCC"). (ECF No. 1-1 at 1.) The Court allowed him to proceed on a First Amendment retaliation claim against Defendant Corrections Officers Wilcoxen and Brown. (ECF No. 6 at 5 ("Screening Order").) Defendants subsequently filed a motion to dismiss (ECF No. 16) and motion for summary judgment (ECF No. 17).[2] Russell now timely objects (ECF No. 31 ("Objection")) to United States Magistrate Judge Craig S. Denney's Report and Recommendation ("R&R"), recommending the Court grant Defendants' motion for summary judgment (ECF No. 17), deny Defendants' motion to dismiss (ECF No. 16) as moot, and close this case.[3] (ECF

---

[1]Russell sued Defendants Warden Garrett, Associate Warden Collier, Associate Warden LeGrand, Sergeant Silva, Grievance Coordinator Chandler, Sergeant Molnar, Sergeant Chacon, Sergeant Hughes, Corrections Officer Wilcoxen, Corrections Officer Brown, Lieutenant Preston, and Sergeant Odea. (ECF No. 1-1 at 2-4.)

[2]Plaintiff filed a response (ECF No. 22), and Defendants replied (ECF No. 26).

[3]Judge Denney correctly construes Defendants' motion to dismiss (ECF No. 16) as a motion for summary judgment because of its reference to matters outside the

No. 30 at 1, 9.) As further explained below, the Court overrules Russell's Objection and adopts the R&R in full.

## II.     RELEVANT BACKGROUND

### A.     Russell's Allegations

The Court previously screened Russell's Complaint (ECF No. 1-1) and found that it stated a colorable retaliation claim under the First Amendment against Defendants Wilcoxen and Brown. (ECF No. 6 at 4-5.) The following facts are taken from the Court's Screening Order and adapted from the Complaint.[4]

On November 3, 2023, while housed at LCC, Russell was placed in administrative segregation ("the hole") based on what he characterizes as an improper battery charge. (*Id.* at 3.) On that same date, Defendants Wilcoxen and Brown inventoried Russell's personal property. (*Id.*) Russell alleges that during this process, several items connected to a civil action[5] he had filed against prison staff in September 2023 for an earlier alleged assault—including kites, emergency grievances, and ace bandage wrist wraps—were taken and never returned. (*Id.*) Russell contends that Wilcoxen and Brown confiscated his property to retaliate against him and to hinder his ability to pursue his civil suit. (*Id.*) Russell further alleges that he submitted kites and grievances concerning the confiscated

---

pleadings. (ECF No. 30 at 2-3.) The Court may not consider any material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim without converting it into a motion for summary judgment. Fed. R. Civ. P. 12(d); *see also Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Accordingly, the Court will consider Defendants' motion for summary judgment (ECF No. 17 (hereinafter "Motion")) on its merits and deny the motion to dismiss (ECF No. 16) as moot.

[4]The following facts are undisputed unless otherwise noted.

[5]Russell filed two suits in this District relating to a staff assault at LCC on September 17, 2023. The first suit was filed on November 16, 2023, and it was dismissed without prejudice on August 1, 2024 for failure to file an updated address. *See Russell v. LeGrand*, Case No. 3:23-cv-00577-ART-CLB (ECF Nos. 1-1, 10). The second suit was filed on November 22, 2023, and a stipulation to dismiss the case with prejudice was granted on January 6, 2025. *Russell v. LeGrand*, Case No. 3:23-cv-00593-ART-CSD (ECF Nos. 1-1, 25). The Court may consider materials "incorporated by reference" into the complaint and may take judicial notice of "matters of public record." *See Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Accordingly, the Court *sua sponte* takes judicial notice of these suits.

property but that prison officials failed to respond or take corrective action. (*Id.* at 3-4.)

**III.    DISCUSSION[6]**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where, as here, a party timely objects to a magistrate judge's R&R, the Court must "make a *de novo* determination of those portions of the R&R to which objection is made." *Id.* The Court's review is thus *de novo* because Russell filed his Objection (ECF No. 31). The Court addresses the merits of Russell's First Amendment retaliation claim against Wilcoxen and Brown and finds, on *de novo* review, that, because Russell cannot satisfy an essential element of his claim, the Court will grant summary judgment.

Defendants argue in their Motion that Russell cannot satisfy his First Amendment retaliation claim on the causation element and that they are therefore entitled to summary judgment as a matter of law. (ECF No. 17 at 11-12.) In particular, Defendants assert that because the alleged incident (i.e., placement in solitary confinement and confiscation of personal items) occurred *before* Russell engaged in the protected conduct (i.e., filing a civil suit), Russell cannot claim that his civil suits motivated the retaliatory conduct in question. (*Id.*) The Court finds that Defendants have met their initial burden on summary judgment by proving that causation is not genuinely in dispute and, therefore, will grant the Motion.[7]

---

[6]The Court incorporates by reference Judge Denney's description of the background of the case and recitation of pertinent allegations in the Complaint, provided in the R&R. (ECF No. 30.)

[7]"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). To satisfy their initial burden, here, Defendants may present evidence to negate an essential element of Russell's claim or demonstrate that Russell cannot establish an element of his claim upon which he has the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986) ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

The First Amendment guarantees prisoners the right to "seek redress of grievances from prison authorities" in addition to "a right of meaningful access to the courts." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015) (internal citations omitted). To succeed on a § 1983 retaliation claim for engaging in activity protected by the First Amendment in the prison context, a plaintiff must make: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.* (citing *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)). "A plaintiff must show that his protected conduct was the 'substantial' or 'motivating' factor behind the defendant's conduct." *Brodheim v. Cry*, 584 F.3d 1262, at 1271 (9th Cir. 2009) (citing *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir.1989)).

Here, Defendants contend that Russell fails to demonstrate a causal link between the alleged adverse action, i.e., the retaliation, and the protected conduct, i.e., filing the civil suits, because the suits in question were not filed until November 16, 2023 and November 22, 2023, respectively, and, therefore, could not have been a "substantial" or "motivating" factor behind the challenged conduct that took place beforehand on November 3, 2023. (ECF No. 17 at 11-12.) Russell objects, countering that the civil suits that he "spoke of" in his Complaint include *Russell v. Henly, et al.*, Case No. 3:23-cv-00549- ART-CLB ("*Henley*") and *Russell v. Ley, et al.*, Case No. 3:23-cv-00531-MMD-CSD ("*Ley*"). (ECF No. 31 at 3.)

The Court identifies similar chronological and causal issues in the cases raised in Russell's Objection and concludes that Defendants have established that causation is not genuinely in dispute, making summary judgment appropriate. *Henly* was also filed after-the-fact and, thus, could not have motivated the challenged retaliatory conduct. Moreover, while *Ley* was filed before the event in question, it pertains to incidents at a different correctional facility. *Ley* concerned incidents at Northern Nevada Correctional Center, while the present case concerns incidents at LCC. Thus, Russell fails to meet his burden

1 in opposing summary judgment since he cannot show a genuine factual dispute of
2 causation.[8] Upon evaluating the timeline of events and viewing the record in the light most
3 favorable to Russell[9], the Court finds that a reasonable juror could similarly conclude that
4 the protected conduct could not have caused or motivated the alleged adverse action.
5 The Court will therefore grant the Motion as to Defendants' causation arguments, as no
6 genuine dispute of material fact exists, and Defendants have met their burden.

7 ///
8 ///
9 ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///

---

[8]Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

[9]In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Russell's Objection (ECF No. 31) to Judge Denney's Report and Recommendation (ECF No. 30) is overruled.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 30) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 17) is granted.

It is further ordered that Defendants' motion for to dismiss (ECF No. 16) is denied as moot.

It is further ordered that the Clerk of Court enter judgment in accordance with this Order and close this case.

DATED THIS 4th Day of November 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE